IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAYLON RAY COULTER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:25-CV-1401-K |
| | § | (CRIMINAL NO. 3:19-CR-068-K-1) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Braylon Ray Coulter's ("Coulter's") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the motion is **DENIED**.

## I.   BACKGROUND

On August 19, 2020, Coulter was named in a second superseding indictment charging him in Count One with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and in Count Two with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1521(k). Crim. Doc. 61. Coulter filed a motion to suppress custodial statements, Crim. Doc. 79, which the Court granted. Crim. Doc. 103. The government filed a notice of interlocutory appeal. Crim. Doc. 104. On appeal, the United States Court of Appeals for the Fifth Circuit reversed the suppression of Coulter's statement that he had a gun in his backpack. *United States v. Coulter*, 41 F.4th 451, 463 (5th Cir. 2022). The Fifth Circuit held that

Coulter was not "in custody" for *Miranda* purposes when he explicitly admitted that he had a gun in his backpack. Despite that ruling, Coulter decided to proceed to trial acting as his own attorney. Crim. Doc. 155. He was convicted on Count One by a jury. Crim. Doc. 293. He filed a number of post-trial motions, which were denied. Crim. Doc. 328.

The Court sentenced Coulter to a term of imprisonment of 92 months. Crim. Doc. 352. He appealed. Crim. Doc. 355. The Fifth Circuit affirmed the judgment. *United States v. Coulter,* No. 22-10975, 2024 WL 3338602 (5th Cir. July 9, 2024).

Coulter timely filed his motion under Section 2255. Crim. Doc. 1. In his amended motion, he asserts three grounds. Civ. Doc. 5. The government opposes relief. Civ. Doc. 11.

## II.   ANALYSIS

In his first ground, Coulter asserts a violation of his Fourth Amendment rights. Civ. Doc. 5 at 4. This claim is barred because Coulter pursued it in the underlying criminal case. *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003). *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (prisoner may not raise a free-standing Fourth Amendment claim in a federal habeas motion where he had a full and fair opportunity to litigate that claim during his criminal proceedings). Moreover, the claim is defaulted by Coulter's failure to raise it on direct appeal. *United States v. Guerra*, 94 F.3d 989, 993–94 (5th Cir. 1996). A defendant may not raise a claim for the first time on

collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232. Coulter has not made any attempt to satisfy that burden. Nor could he do so. *See* Civ. Doc. 11 at 9–10 (discussion of why this ground is meritless).

In his second and third grounds, Coulter alleges that he received ineffective assistance from appellate counsel. Civ. Doc. 5 at 5, 7. To establish claims of ineffective assistance, Coulter must show: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's conduct the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Conclusory allegations of ineffective assistance are insufficient to raise a constitutional issue. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Pertinent here, counsel is not required to raise every nonfrivolous issue on appeal. *United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). An attorney's decision to omit an argument on appeal rises to ineffectiveness only when directly controlling authority reveals that the argument would likely have been successful. *Williamson*, 183 F.3d at 463. Directly controlling precedent is rare, *id.*, 183 at 463 n.7, and Coulter has cited none. His allegations regarding appellate counsel are conclusory. Moreover, for all of the reasons discussed by the government, Civ. Doc. 11 at 12–14, which the Court need not rehash, all of the allegations are meritless. Coulter has not and cannot overcome

3

the presumption that counsel made sound strategic decisions not to present any of the issues he describes. *Moore v. Vannoy*, 968 F3d 482, 489 (5th Cir. 2020). Coulter is not entitled to an evidentiary hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981).

## III.   CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. The motion for hearing is **DENIED**.

SO ORDERED.

Signed July 27th, 2026.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE